Good morning, your honor. Good morning, your honors. May it please the court, my name is Vikram K. Batranath, counsel for petitioner Mr. Rean Carr. If I may, I'd like to reserve one minute of my time for rebuttal. I'm sorry, your honor. Please watch the clock. Thanks, your honor. Your honors, in this case, the petitioner challenges the IJ and DI's decisions denying adjustment of status and voluntary departure, finding that petition was inadmissible under section 212A2C of the Immigration and Nationality Act, and that there was a reason to believe that he was involved in drug trafficking. The petitioner contends that the IJ clearly erred in finding that petition was inadmissible because the record here lacks reasonable, substantial, and probative evidence to support the IJ's reason to believe finding. Here, the IJ incorrectly focused on immaterial and minor inconsistencies and omitted and ignored favorable evidence in reaching his decision. Under the Real ID Act, any inconsistency is enough unless it's a mere scrivener's error like we said in SHREFA. Here, there were certainly several inconsistencies, including he said he borrowed a friend's car, and then the IJ accredited the police report that it was a rental car, and certainly could disbelieve the explanation that it was a rental car and a friend's car. Why isn't that enough under the Real ID Act? He said even one inconsistency is enough for an editor's credibility determination. Thank you, Honor. Excellent point. Even though under the Real ID Act, inconsistencies can be considered, those inconsistencies must be reasonable, substantial, and probative that the petitioner was a knowing, conscious, and willing participant in the trafficking of drugs. Now, the Board of Immigration... We're just talking about the advert's credibility determination. So, let's do one thing at a time. On the advert's credibility determination, the inconsistencies don't have to go to the heart of the case or be probative at all. They just have to be inconsistencies that are beyond mere immaterial scrivener's error, or wrong number, or wrong date. So, could you please address that? Are standards... Yes, Your Honor. That's an excellent point. The inconsistencies that the board identified and the immigration judge identified were immaterial and minor in this particular case. The board... Let's focus on one. Can we focus on one of them? Because it seems to me, you're quiet and I do want to separate the inconsistencies from the, in effect, prima facie case of reason to believe. But on the inconsistencies, your client says, nobody ever identified themselves to me as a police officer. And when I ran, I thought these were just two guys trying to... I don't know. They were up to no good. He didn't quite say what he thought they were up to. But the police officer testifies that I identified myself as a police officer. I.J. finds the police officer credible. So, why isn't that something that can support an adverse credibility finding? Put aside the convictions for a second. Just focus on that. Isn't that enough to support an adverse credibility finding? Thank you, Your Honor. We would state no for several reasons. First of all, the petitioner testified that he had run because he was scared and felt that he was being set up. That's a administrative record, page two or one. I'm sorry. Just the implication was, I didn't know these guys were police officers. He said so. The police officer said, oh, he did. I showed him my badge and told him I was a police officer. Yes, Your Honor. We assume that's true. The Supreme Court has recognized that flight from police is common in many instances and not dispositive of one's You're shifting back to whether or not there was reason to believe. Judge Okuda quite correctly focused you on the adverse credibility finding. We can go back to reason to believe in a moment. But he says the policeman never identified himself. The policeman says, yes, I did. The I.J. believes the policeman. Isn't that a sufficient basis for an adverse credibility finding? Not a finding of reason to believe that he's doing narcotics, but just the adverse credibility finding. We would submit to the court, no, Your Honor, respectfully. The record also shows that the petitioner had a prior encounter with law enforcement. He had previously run. He was charged with possession of a stolen vehicle. He was never convicted of that offense. The fact of running does not establish his guilt, but merely a pattern of running from law enforcement. Simply running from law enforcement does not indicate that a person is guilty of a particular offense. Recognized. Excuse me. How does that relate to the inconsistency that Judge Hurwitz is asking about? We're still on the inconsistency to see if the adverse credibility determination was supported by substantial evidence. Are you saying there wasn't an inconsistency? We're saying that there is an inconsistency. The petitioner testified that he ran from because he was scared and he felt that he was being set up. He testified that the officers were in plain clothes, that he hadn't identified themselves. The officer at trial testified that he had a practice of identifying himself, but he never stated with particular particularity that he in fact did identify himself to the petitioner. So with respect to alleged inconsistency, we would submit that there wasn't. I'd also like to note that the Board of Immigration Appeals focused on the initial criminal history denial, but the petitioner initially denied having been convicted, but indicated that he did not understand the question. And after it was repeated and rephrased, he answered in the affirmative. I would like to note the following exchange question. So based upon my earlier definition of a conviction, where you tell someone you're convicted, answer, yes, that's a CR 188 to 189. The petitioner also indicated he could not remember all the offenses because of the passage of time. He testified that he had been before a judge and he said he was guilty. He testified that he could not remember the 2006 offense, but remember the 2009 offense. That's a CR 189. So it's quite a stretch to then say that the petitioner does not have credibility because he was in denial of his criminal history. But even if we assume the Board's point, this is immaterial because the three disorderly conduct convictions were irrelevant because they do not go to the central part of his application for relief. That is because disorderly conduct convictions do not invoke a grounded inadmissibility. They're not crimes involving moral turpitude. So even if we assume that the Board's argument was true, they are completely immaterial, completely irrelevant. What's more material is the May 2010 event. In that particular event, the petitioner testified in a very detailed and specific manner. He never indicated that he couldn't remember or was unaware of what happened. He testified that he didn't know what was in the if the IJ's adverse credibility determination is supported by even one inconsistency, then the IJ doesn't have to believe that testimony. So we put his testimony aside and look at whether there was enough based on Officer Moreno's testimony and the other facts in the record. Isn't that right? That's correct, Your Honor. If we look at those other factors, there is sufficient information to demonstrate that the petitioner was not a knowing participant first. The substance was never field tested. And although Officer Moreno testified that based upon his training experience, he believed it to be marijuana, it was never in fact field tested. And his testimony at this point is not probative. The IJ is a probable cause, as reasonable as the standard is. Probable cause. Is that not enough for probable cause? No, Your Honor, because the officer's testimony has to be provative on this point. He indicated that there were mistakes that were made. The officer testified that all charges against petitioner were dismissed at CAR-280 because of the improper search and seizure and the lack of consistency throughout the case. Now you're assuming his credibility. I know you're running out of time, but this case separates into two parts. One was there's sufficient evidence in the record to give rise to probable cause that your client was trafficking. And then second was his explanation that he wasn't credible. So on the probable cause side, just focusing on those facts, we have a guy with a box. The police officer says, I think it's got contraband. Your guy runs. He finds him. They open the box and an experienced officer says it looks like marijuana to me. Now, if this were a review of a conviction, I'd have a hard time thinking that established it beyond a reasonable doubt. But we're talking about probable cause here. Why don't those facts give rise to probable cause? Thank you, Your Honor. And I'd like to highlight Officer Moreno's testimony. Officer Moreno testified he couldn't say if petitioner had any knowledge of the contents of the box. He testified there was absolutely no evidence that petitioner owned the drugs found inside the computer. He testified it was very reasonable and common for individuals to back their vehicles up when carrying packages or dropping them off at a shipping facility. He also testified that the petitioner was not under surveillance. He was not under any type of stakeout. The box was filled up and closed and no contraband was visible from the inside of the box. We'll give you a minute for rebuttal. Thank you very much, Your Honors. We'll hear from the government. Hello. May it please the court. My name is Milam E. Sanula and I represent the U.S. Attorney General in this matter. The court should affirm the denial of petitioner's request for adverse credibility determination as well as the agency's holding the petitioner was inadmissible under 8 U.S.C. 1182A2C due to the fact there was reason to believe he had participated in illicit trafficking. From my colleague's statements, I understand there's a tendency to see the inconsistencies as minor. I would just point out that his criminal history and the fact that he disordered remembrance of it is important because his criminal history is obviously so central to this case. I mean, the events of May 2010 are just another part of that criminal history which he could not provide an accurate recitation of. During, you know, when he's asked about how many convictions he has, you know, initially he says no. He initially denies pleading guilty to two of the convictions and claims that they were dismissed before saying that his attorney never explained to him why he had pled guilty. I mean, he's consistently testifying in a way that reduces the severity of the criminal history and that is why it is not just a minor problem. It is an important problem that weighs on his credibility. Also, in terms of... Did he not consult with his attorney in connection with that and then thereafter agree that now having had that explanation or conversation with his attorney, he then went through and said whatever he said about what happened on those four occasions or the three occasions? It's true that after receiving clarification as to what a conviction means, I think he defined it as a violation of the law, you know, reported to the judge or something like that. Then he admitted that he had at least one conviction and he still was unable to report anything about the first conviction and also mischaracterized the latter two as cases that were dismissed rather than cases where he had actually pled guilty. He was not initially telling the court about the plea. He had to be reminded. So, you know, it could be faulty memory or it just could be a tendency to make his history a little less serious than it is. Also, in terms of... Can I ask you? I'm sorry, finish your answer. I'm sorry, I thought you'd stop. Oh, no, I'm sorry. Please, please ask your question, Your Honor. Here's what I find troubling about the government's case. No one ever tests the marijuana and it's not available. I don't know what happened to it. No one can tell me on this record, I guess. Certainly, if you'd gone to trial on a criminal charge for this, there's no way you'd get a conviction by somebody saying, well, it looked like marijuana to me. Is it enough for probable cause? Yes, Your Honor. I mean, Officer Moreno testified to having 23 years of experience as a police officer, 13 years of which were specifically in drug interdiction with working with a trained canine. He testified that based on his training, based on his experience, as well as the way the substance smelled and what it appeared like. Okay, but I understand what he said. Let me pose a question to you. Let's assume he said all that and the substance was available and Mr. Carr has it tested and it turns out it's oregano. Would there then be probable cause to think that he was engaging in drug trafficking? Well, if it turned out to be oregano, no. I mean, the thing is that that's not what happened in this case. Since the government deprived him of the ability to demonstrate what the substance was or wasn't, why should we find that there's probable cause to think that he engaged in drug trafficking? I don't, I'm not exactly sure what you mean when you say they deprived him of the opportunity. Where was the marijuana when we got to the IJ hearing? I don't know. Probably, I don't know. I'm guessing destroyed or something. I assume it was destroyed too. Well, they dropped the criminal case, right? They dropped the criminal case for unknown reasons. So there was no reason to retain evidence of something they were not charging. Isn't that right? That's correct. So how could he disprove that it was marijuana? He couldn't, but he has to, I think, explain. He has the burden of proof being the applicant for adjustment. What he should have done and what could have countered, you know, solved his problems was explain why we shouldn't be able to rely on Officer Moreno's assessment. A man, you know, an officer who's trained in drug interdiction saying that this smelled like him but it appeared to be marijuana. I'm assuming, I'm assuming for purposes of my question that the IJ could rely on Judge Moreno, on Officer Moreno's assessment. My question is, is there a due process problem when you deprive the petitioner of the ability? He doesn't raise this, but I'm troubled by it. Is there a due process problem when you deprive them of the ability to contest that assessment? You know, I'm sorry, Your Honor, because it wasn't raised. I don't really have a good answer for you right now on that question. I'm sorry. You know, it's just, I think it's important to keep in mind, again, also, you know, the probable cause analysis is, you know, the reason to believe analysis. It's made by the immigration judge at a much later time, you know, looking at a number of facts, right? He has the police statement. He has Officer Moreno's testimony. He has the petitioner's testimony. You know, the petitioner, again, has the burden of proof, and he has done nothing to challenge or undermine or just give us a reason to question why Officer Moreno was wrong in saying, well, there was 10 pounds of this substance before me, but somehow I mislabeled it as marijuana, despite all that experience that I have. He hasn't done anything to question or undermine Officer Moreno's assessment. I'm sorry, I don't really understand fully the due process argument you're raising. My problem, it's very simple. The government has the critical evidence in this case, and it destroys it. Maybe it destroys it innocently. Maybe it has no reason to. But all we have is an officer saying, gee, I'm not certain, but based on my experience, it sure looked like marijuana. And the question is, how can he defend against that? I'm sorry. I'd like to ask the question a different way. So, for probable cause is the standard for issuing a search warrant. And the question would be, would a magistrate judge have sufficient evidence before it if it had Officer Moreno's declaration that it appeared to be marijuana to issue a search warrant related to that detection? Well, so, you know, these are questions that go to Fourth Amendment issues, right? I mean, at least this question does. The whether or not there was probable cause for the search of the box. And so that question, you know, whether, you know, the Fourth Amendment issues are not raised in this case. You know, it's clear that, you know, even if in Chavez-Reyes, for instance, where a conviction was overturned on Fourth Amendment grounds, the court still allowed the guilty plea that was made voluntarily in that same case to be used as evidence that was considered in the reason to believe assessment. You know, I think the other thing to consider is that, let me see. I'm sorry. I lost my train of thought. But I do think it's important to just stress the timing of this. You know, the police officer's reasonable cause analysis and the immigration judge's reason to believe analysis are made at very different times. And the immigration judge in this case, he had the benefit of Officer Moreno's testimony in court made under oath. And the officer was saying, you know, to the best of my knowledge, this was marijuana. I think that maybe is what solves the due process issues in this case, because, you know, the petitioner then had the opportunity in court to, you know, raise his concerns about the fact that, you know, what is your basis for understanding and evaluating this as marijuana? And that is the forum where he could. Officer Moreno was in court, brought into court for that very purpose. And, you know, that is, I think, what a due process protection that petitioner had in this case. May I ask a question? It's going back to the credibility determination by the immigration judge. On the one hand, he says that the car's knowledge of the marijuana being in the box implausible. But at the same time, he goes on to say he has good moral character. You know, I would think, I guess he didn't qualify a good moral character except for this lie, or this misrepresentation, or whatever it ultimately would be. So how do you square those two things? Those two? I mean, is that an inconsistency that we should be thinking about? You know, Your Honor, it's, unfortunately, it's a strange point of the immigration judge's decision. If you look at page, at page, oh, I'm sorry, page 10, I'm sorry, page 11 of the immigration judge's decision, he says that the car does not have the requisite 10-year period of good moral character for cancellation of removal. But he does have good moral character for voluntary departure. And I know what you're saying, because if you go to the cancellation of removal section, the immigration judge actually does say there that I'm considering that he has good moral character. I think for purposes of cancellation, the immigration judge was merely assuming that good moral character had been met. He was not making factual findings in that section, and so he did not really consider good moral character. But the section in the voluntary departure part of his decision is the correct part, that because of the inadmissibility grounded at 8 U.S.C. 1182A2C, by statute, he could not meet the good moral character requirement under 8 U.S.C. 1101F, because that grounded inadmissibility, the statutory bar to good moral character, and it fell within the 10-year period of cancellation of removal. So honestly, that is what essentially saved that part of the decision, I think. All right, you're over your time now, so we'll return to appellant. We'll give you a minute for rebuttal. Thank you, Your Honor. There are two important points I wanted to make in the moment that I have left. The Board of Immigration Appeals also affirmed the adverse credibility finding focusing on the borrowing of the car issue, and in this particular situation, the petitioner testified he borrowed his friend's car. The police report indicated the vehicle was a rental vehicle. These facts, however, are not mutually exclusive. The IJ and the BIA assumed that these facts were mutually exclusive, and this is exactly the type of improper speculation that this court has struck down in numerous cases. In the matter of Lopez Umenzor v. Gonzalez, the court struck down this improper speculation in which an immigration judge found a reason to believe that an individual was involved in drug trafficking. The court reversed the immigration judge and stated that he engaged in improper speculation. There's nothing in the record that indicates that those facts are mutually exclusive. In addition, with respect to Judge Hurwitz's question regarding probable cause, we would submit that even though Officer Moreno did testify that he believed that this substance was marijuana, again, it was never field tested, and the statute under 212-HUC requires a controlled substance violation. It states very clearly that it must be a controlled substance found under 21 USC section 801. There is no evidence. Thank you, Honors. We simply submit that all the evidence must be considered in a totality and not in a vacuum, and we respectfully request that the court grant this petition and find that the petitioner has demonstrated that he is not a possessed person.
judges: Ikuta, Hurwitz, Tagle